Swing, J.
This is an action seeking to reverse the order of the common pleas appointing a receiver. The proof shows that for the season of 1890, which would include the balance of the year 1890 and a portion of the year 1891, the parties entered into a contract whereby McCollough was to furnish supplies to be used by the Mitchells in operating the “Oakley Rose Houses,” and in return the Mitchells were to furnish to McCollough the “cut” of said rose houses, to be by him sold, and after returning certain portions of the receipts for reimbursements and commissions, was to account to the Mitchells for the balance. This contract, the evidence shows, was carried out by both parties to their entire satisfaction. McCullough claims that “said” contract was renewed for the season of 1891-92, which was also carried out by both parties. He also claims that a “similar” contract was entered into for the season of 1892-3, which has only been partially carried out by the Mitchells, and that there is a balance of some $2,400 due him by reason thereof.
If there had been a breach of the contract as set out for the season of 1890-1, under the allegations of the petition, we think the court, under the law, would have been justified in appointing a receiver, for, under the law as we deem it to be, the case is eminently one for a receiver, for in no other way could the rights of McCullough have been protected. It is claimed by McCullough that afterwards this contract was, by consent, changed, so that he also furnished money to pay for work and labor and materials, the same to be governed by the same contract as to supplies, which money had heretofore been furnished by Jethro *764 Mitchell, an uncle of the Mitchells. It was denied, however, by the Mitchells, that any such arrangement was made, but they asserted that the money furnished by McCullough was in the nature of a loan.
But the trouble, we find in the action of the court, is in the facts as to a contract for the season of 1892-3. The burden was on the plaintiff, McCullough, to show that there was a contract, the terms of the contract — in fact, what the contract was. All the evidence offered by McCullough as to this contract, is contained in the following from his affidavit (after setting out the contract of 1890-1): Affiant says that said arrangement and contract was carried out for the year 1890 and 1891, and that at the termination of said period, said contract was renewed upon the same terms for the year 1891-2, and that the same was performed and carried out, and that a“ similar ’’arrangement and con tract was entered into for the year 1892-3, and on the faith of it plaintiff advanced, as in his petition alleged, to the defendants, “the sums, ” etc. So, virtually, the whole of the evidence as to the contract is contained in these words,“and that a similar arrangement and contract was entered into for the year 1892 and 1893. ” This certainly is very indefinite. No statement is made as to whom or when made, or between whom, whether verbal or written. The statement is wholly that it is “similar.” Accurately speaking, “similar” does not mean the same; in fact, it would mean that while it resembled, it was not the same. Contracts may be similar, and yet differ in many respects. “Similarity includes only the idea of casual likeness.” (Crab’s Synonyms.)
It seems to us that the court should not, upon such an indefinite statement, have appointed a receiver, especially since the defendant, Mitchell, testifies that no other arrangement other than the one for 1890 and 1891 was ever entered into between the parties, but that the only relation that existed at that time was one simply of consignee and consignor. We are unable to find,from the record, the evidence of the terms of such a contract as would justify the court in the appointment of a receiver.
It was intimated to the court in the argument by counsel, that subsequent to the order appointing a receiver, a supplemental or amended petition had been filed, setting up other matter. We are not advised as to this, and of course, could not consider it. That is a matter for the further action of the court of common pleas. All we decide in this case is, that the court erred in appointing the receiver, on the ground *765 that the evidence was not clear and satisfactory enough to justify the court in making the appointment at the time. The order of the court of common pleas will, therefore, be reversed, and the cause remanded for further proceedings.
Willy & Wald, for Plaintiff in Error.
L. G. Black, Contra.